Dear Mr. Knoll:
This office is in receipt of your request for a clarification of Opinion No. 98-296.
The question you posed concerns accrued annual/vacation leave. Specifically, you ask on what date the accrued annual/vacation leave would become exigible and when the prescriptive period begins.
As mentioned in Opinion No. 98-296 La. R.S. 23:631 and 632 were applied by the Third Circuit Court of Appeal to a school board employee, in the case of Baudoin vs. Vermillion Parish Board, 96-1604 (La.App. 3rd Cir. 4/2/97), 692 So.2d 1316; writ denied
(695 So.2d 1358 (La. 6/20/97)).
La. R.S. 23:631 reads as follows:
 A. (1) (a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
 (b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.
 (2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
 (3) The provisions of this Subsection shall not apply when there is a collective bargaining agreement between the employer and the laborer or other employee which provides otherwise.
 B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
 C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.
 D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
 (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
 (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
 (c) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.
Under the provisions of LSA-R.S. 23:631, a resigning or discharged employee is entitled to recover vacation pay which accrued prior to his discharge unless the employer's established policy precludes compensation for unused vacation days. However, the Avoyelles Parish School Board adopted policies which provided that full-time twelve month employees would be compensated for unused annual leave and said unused leave was carried forward without limitations.
Accordingly, if an employee is a full-time, twelve month employee, he is entitled to receive full compensation of accrued and unused leave no later than three (3) days following discharge; or in the case of resignation, he should be compensated by the next pay day or within fifteen (15) days, whichever is earlier. Day one of the prescriptive period would commence the day after the employee's termination or resignation.
Thus, we concur with your letter of October 2, 1998 in which you reached the same conclusion. If this office can be of further assistance, do not hesitate to contact us.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ VIRGINIA A. ANTHONY Assistant Attorney General
RPI/VAA:lrs
Date Requested: Date Released:
VIRGINIA A. ANTHONY, Assistant Attorney General